# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3042

———————————————

Jason Carter

*Plaintiff - Appellant*

v.

Mark D. Ludwick, Agent of Iowa Department of Criminal Investigation, in his individual capacity; Marion County, Iowa; Reed Kious, Marion County Deputy Sheriff in his individual capacity; Billy Gene Carter

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: July 16, 2021
Filed: July 21, 2021
[Unpublished]

——————————

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Iowa resident Jason Carter appeals the district court's dismissal, for lack of subject matter jurisdiction, of his 42 U.S.C. § 1983 action. Upon careful review, we conclude that the district court did not err in dismissing Count 3, as Carter did not

allege a pattern of unconstitutional conduct in claiming that the county failed to adequately train or supervise one of its officers. See Connick v. Thompson, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (citation omitted)); Fullington v. Pfizer, Inc., 720 F.3d 739, 747 (8th Cir. 2013) ("[W]e can 'affirm the district court's dismissal on any basis supported by the record.'" (citation omitted)).

We conclude, however, that the district court erred in finding that it lacked subject matter jurisdiction over the remaining claims under the Rooker-Feldman doctrine,[1] as they did not arise from the state civil judgment. The Rooker-Feldman doctrine precludes district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, Counts 1, 4, and 6 arose from the criminal investigation and prosecution of Carter, which culminated in his acquittal; and Counts 2 and 5—although they claimed defendants abused the discovery process in the civil action—did not imply that any state court orders were invalid. See MSK EyEs, LTD v. Wells Fargo Bank, Nat'l Ass'n, 546 F.3d 533, 539 (8th Cir. 2008) (recognizing that this Court has "distinguished claims attacking the decision of a state court from those attacking an adverse party's actions in obtaining and enforcing that decision"); see also McCormick v. Braverman, 451 F.3d 382, 392-94 (6th Cir. 2006) (Rooker-Feldman bars claims alleging injury arising from state court judgment itself; where plaintiff raised abuse-of-process and fraud claims arising from defendants' actions, not state-court judgment itself, claims were independent and outside scope of Rooker-Feldman).

---

[1]Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

Accordingly, we affirm the dismissal of Count 3, reverse the dismissal of Carter's remaining claims, and remand for the district court to consider those claims in the first instance.

_____